UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMLIN PURIFOY,

                Petitioner,

v.                                                      Case Number: 2:08-CV-10736
                                                        Honorable Stephen J. Murphy, III

CLARICE STOVALL,

                Respondent.

_____/

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

      Kimlin Purifoy, ("petitioner"), presently confined at the Scott Correctional Facility in

Plymouth, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  In her *pro se* application, petitioner challenges her conviction and sentence for

unarmed robbery, MICH. COMP. LAWS § 750.530.  For the reasons stated below, the petition

for writ of habeas corpus is DENIED.

### I.  BACKGROUND

      Petitioner was originally charged with armed robbery and being an habitual offender.

On September 29, 2006, petitioner pleaded guilty to a reduced charge of unarmed robbery.

In exchange for her plea, the prosecutor agreed to dismiss the armed robbery and habitual

offender charges against petitioner.  The parties further entered into a sentence agreement

that petitioner would receive a sentence of four to fifteen years in prison.  The trial court

informed petitioner that the charge she was pleading to carried up to fifteen years in prison

and advised her of the rights she would be giving up by pleading guilty.  Petitioner indicated

that she understood the rights that she would be relinquishing by pleading guilty.  Petitioner

acknowledged that she had not been threatened or coerced into pleading guilty.

In making out a factual basis for the plea, petitioner informed the court that she went into an optical store, put some glasses into her purse, and attempted to leave the store without paying for the glasses. Petitioner informed the court that when the store manager grabbed her to prevent her from leaving, she tried to run away. Petitioner also acknowledged that she used her physical movements in an attempt to break free from the store manager's grip, although she denied touching the manager. Upon further questioning from the court, petitioner acknowledged that she made some twisting movements in an attempt to escape from the store manager. In response to further inquiries from the court, defense counsel indicated that he believed that "the forceful pulling of the shirt" by petitioner would be sufficient to establish the factual basis for unarmed robbery.

On October 17, 2006, petitioner was sentenced to four to fifteen years in prison.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Purifoy,* No. 279197 (Mich. Ct. App. August 15, 2007); *lv. den.* 480 Mich. 959; 741 N.W.2d 336 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Petitioner was denied her Fifth Amendment and Fourteenth Amendment rights of due process when the court failed to establish the requisite factual foundation for acceptance of the guilty plea.
>
> II. Petitioner was deprived of her Fifth Amendment and Fourteenth Amendment rights of due process when she entered into an illusory plea bargain.
>
> III. Petitioner was deprived of her Fifth Amendment and Fourteenth Amendment rights of due process because the 4 year to 15 year term of imprisonment is disproportionate to the offense and this offender, and an abuse of sentencing discretion despite being in accord with the statutory sentencing guidelines. The same was based upon inaccurate information

2

and is unconstitutional.

IV. Failure of trial counsel to allocute and to raise the above issues is ineffective assistance in violation of the Sixth Amendment of the U.S. Constitution.

## II.  STANDARD OF REVIEW

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring in part and concurring in the judgment).  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

3

## III.  DISCUSSION

A.  Claims # 1 and # 2: Petitioner's guilty plea

The Court will consolidate petitioner's first two claims together for judicial economy and clarity.  In her first claim, petitioner alleges that she was deprived of her rights of due process, because the trial court failed to establish a sufficient factual basis for accepting her guilty plea to unarmed robbery.  In her second claim, petitioner alleges that her plea bargain was illusory, because she could not have been charged with armed robbery under the facts of this case.

Initially, the Court observes that petitioner has no absolute right to withdraw her guilty plea. *United States v. Goldberg*, 862 F.2d 101, 103 (6th Cir. 1988); *see also Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005) (internal citations omitted). Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *Id.*

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749 and *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir. 1991); *Shanks,* 387 F. Supp. 2d at 749.  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty,

4

the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness.  *Id.*  Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court.  *Id.* at 328.  A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty.  *Id.*; *see also Shanks,* 387 F. Supp. 2d at 749.  Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his guilty plea, as evidenced by the plea colloquy, is valid. *Garcia*, 991 F.2d at 326.

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984).  A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.* at 509.

With respect to petitioner's first claim, there is no federal constitutional requirement that a factual basis be established to support a guilty plea. *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (citing *Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir.)); *see also Holtgreive v. Curtis,* 174 F. Supp. 2d 572, 582 (2001).  Although M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his plea,

5

no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty plea. *Holtgreive,* 174 F. Supp. 2d at 582.  "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *Tunning,* 69 F.3d at 111.  Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Thus, petitioner's claim that the trial court failed to establish a sufficient factual basis to support her guilty plea does not provide a basis for federal habeas relief, because there is no federal constitutional requirement that a factual basis supporting a plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. *Holtgreive,* 174 F. Supp. 2d at 583.

More importantly, petitioner has failed to show that there was an insufficient factual basis to establish the elements of unarmed robbery.  The elements of unarmed robbery are:

1.  The felonious taking of property from another;
2.  By force, violence, assault, or putting in fear; and,
3.  while being unarmed.

*People v. Johnson,* 206 Mich. App. 122, 125-26; 520 N.W.2d 672 (1994).  The unarmed robbery statute is disjunctive in nature, which means that a defendant may commit the crime either by force or violence, or by assault, or by putting in fear. *People v. Berry,* 112 Mich. App. 79, 81; 315 N.W.2d 199 (1981).

Effective July 1, 2004, the Michigan Legislature amended both the armed robbery and unarmed robbery statutes. *See People v. Morson,*471 Mich. 248, 265, n. 2, 685

6

N.W.2d 203 (2004)(Corrigan, C.J., concurring).   In pertinent part, the unarmed robbery

statute has now been amended, to include the following definition:

> "As used in this section, 'in the course of committing a larceny' includes acts
> that occur in an attempt to commit the larceny, or during commission of the
> larceny, or in flight or attempted flight after the commission of the larceny,
> or in an attempt to retain possession of the property."
> MICH. COMP. LAWS § 750.530(2).

By amending the robbery statutes, the Michigan Legislature sought to explicitly

reinstate what is commonly known as the "transactional approach" to armed and unarmed

robbery, under which force that is used after the initial larceny to effectuate flight or escape

will be sufficient to establish the elements of robbery. *Morson,* 471 Mich. at 265, n. 2; *See*

*also O'Donnell v. Gundy*, No. 2007 WL 737743, * 40, n. 13 (W.D. Mich. March 7, 2007);

*Turner v. Warren,* No. 2006 WL 1109300, * 3, n. 3 (E.D. Mich. April 26, 2006).

Moreover, a defendant's physical struggle with store personnel in an attempt to

wrestle himself or herself free while attempting to escape is sufficient to establish the force

element for unarmed robbery in Michigan. *See People v. Passage*, 277 Mich. App. 175,

177-79; 743 N.W.2d 746 (2007).   "Exerting strength and physical power to free oneself

from another's grasp constitutes 'force' under MCL 750.530." *Id.* at 178.

Under Michigan law,

> "*[t]he issue of factual basis does not relate to guilt or innocence, but to
> whether there is evidence on which the trier of fact might have convicted the
> defendant at a trial.*   A defendant can protest his innocence and yet plead
> guilty if his plea, under all the circumstances, is an informed, understanding
> choice of the alternatives that confront him."

*People v. Mauch*, 397 Mich. 646, 667; 247 N.W.2d 5 (1976)(Levin, J.,

concurring)(emphasis added).   A factual basis is sufficient if an inculpatory inference can

be drawn from what the defendant has admitted, even if exculpatory inferences could also

7

be drawn. *Holtgreive,* 174 F. Supp. 2d at 583 (citing to *Guilty Plea Cases*, 395 Mich. 96, 128-32; 235 N.W.2d 132 (1975)).  Even if the defendant denies an element of the crime, the trial court may properly accept the defendant's guilty plea if an inculpatory inference can still reasonably be drawn concerning that element from what the defendant said. *Id.* (citing to *People v. Clark*, 129 Mich. App. 119, 122; 341 N.W.2d 248 (1983)).

In the present case, even though petitioner denied touching the store manager, an inculpatory inference concerning the element of force could reasonably be drawn from what petitioner said at the plea hearing.  Petitioner told the trial court judge that when the store manager grabbed her to prevent her from leaving, petitioner tried to run away. Petitioner used physical movements in an attempt to break free from the store manager's grip.  Petitioner acknowledged that she made some twisting movements in an attempt to escape from the store manager.  These facts clearly support a reasonable inference that petitioner used force to escape from the store after taking the glasses.  Accordingly, petitioner is not entitled to habeas relief on her first claim.

In her second claim, petitioner contends that her plea bargain was illusory, because she could not have been charged with armed robbery.

Illusory representations made by the prosecutor to induce a defendant to waive his right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. *See Spearman v. United States*, 860 F. Supp. 1234, 1250 (E.D. Mich. 1994); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In the present case, there was some evidence that petitioner had threatened to use mace on an employee and had also implied that she possessed a knife at the time of the

robbery. [1]  Therefore, there was some evidence that would have supported an armed robbery charge.

More importantly, the prosecutor in this case agreed to dismiss the habitual offender charge against petitioner, which could have been used to enhance her sentence even on an unarmed robbery conviction and further agreed that petitioner's sentence would be four to fifteen years.  This court concludes that the plea and sentence agreement was not illusory because petitioner was promised the dismissal of the habitual offender charge which therefore amounted to a real, tangible benefit in consideration for the plea.  *See Daniels v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich. 1994).  In addition, petitioner cannot show that her sentencing agreement of four to fifteen years was illusory.  *See Doyle,* 347 F. Supp. 2d at 483.

Because petitioner derived a real benefit from her plea and sentence bargain in this case, her plea was not illusory and she is therefore not entitled to habeas relief on her second claim.  *See McAdoo v. Elo,* 365 F.3d 487, 498 (6th Cir. 2004).

B.  Claim # 3: Sentencing

Petitioner next claims that her sentence of four to fifteen years was disproportionate to the seriousness of the offense and to her background.

The Court initially notes that the prosecutor and petitioner agreed that petitioner would receive a sentence of four to fifteen years.  The trial court sentenced petitioner to four to fifteen years in prison.  A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to

---

[1]  *See* Police Statement of Sonya Redding, attached to Brief in Opposition to Application for Leave to Appeal [part of this Court docket entry 10-5].

9

challenge the sentence on appeal or collateral review. *See United States v. Livingston,* 1 F.3d 723, 725 (8th Cir. 1993); *Gill v. Berghuis,* No. 2008 WL 1995096, *2 (E.D. Mich. May 6, 2008); *Drumm v. Warren,* No. 2005 WL 3107772, *5 (E.D. Mich. November 18, 2005); *Lozada-Rivera v. United States,* 195 F. Supp. 2d 365, 368 (D. Puerto Rico 2002).

In any event, petitioner's sentence of four to fifteen years was within the statutory limits for the charge of unarmed robbery. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).

The U.S. Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin,* 501 U.S. at 1001.

Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare". *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Federal courts will therefore not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *U.S. v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). A claim that a sentence is imposed in violation of Michigan's sentencing law does not state a claim for relief in a habeas proceeding where there is no claim that the sentence violates the cruel and unusual punishment clause of the Eighth Amendment.

*Pulley v. Harris*, 465 U.S. 37, 104 (1983); *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1075 (E.D. Mich. 2000). Petitioner's claim that her sentence is disproportionate under Michigan law thus would not state a claim upon which habeas relief can be granted. *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994); *Pulley*, 465 U.S. at 41.

As part of her third claim, petitioner contends that MICH. COMP. LAWS § 769.34(10) is unconstitutional, because it violates the right to appeal as granted by the Michigan Constitution, as well as the separation of powers enunciated in the Michigan Constitution. MICH. COMP. LAWS § 769.34(10), in pertinent part, states:

> "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."

As an initial matter, petitioner's claim that § 769.34(10) violates the separation of powers between the legislative and judicial branches of the State of Michigan is non-cognizable on habeas review, because the separation of powers between two branches of a state government is a matter of state law. *See Austin,* 213 F.3d at 302; *Pulley*, 465 U.S. at 41. Any violation of the separation of powers between the legislative and judicial branches of the State of Michigan by the enactment of § 769.34(10) would not entitle petitioner to relief.

In addition, petitioner would not be entitled to relief on her claim that MICH. COMP. LAWS § 769.34(10) violates her state constitutional right to appeal. There is no federal constitutional right to an appeal. *See Abney v. U. S.*, 431 U.S. 651, 656 (1977); *See also Smith v. Robbins,* 528 U.S. 259, 270, n.5 (2000) (The Constitution does not require states

11

to create appellate review in criminal cases).  The right of appeal, as presently known to exist in criminal cases, "is purely a creature of statute," and "in order to exercise that statutory right, one must come within the terms of the applicable statute" with regards to that right to appeal. *Abney,* 431 U.S. at 656.

In *United States v. Nation,* 352 F.3d 1075 (6th Cir. 2003), the Sixth Circuit rejected a similar claim involving a federal defendant's inability, under 18 U.S.C. § 3742, to appeal a federal district court's denial of a motion to depart downward from the defendant's federal sentencing guidelines range.  In rejecting the defendant's claim, the Sixth Circuit ruled that there was no due process violation, because the defendant had no constitutional right to appeal his sentence. *Id.* at 1077.  The Sixth Circuit further ruled that it was within Congress' power to confer limited appellate jurisdiction with respect to a district court's sentencing decisions. *Id.*

In the present case, the Michigan Legislature's decision in enacting MICH. COMP. LAWS § 769.34(10) to limit state appellate court jurisdiction over a state trial court's sentencing decisions did not violate petitioner's federal constitutional rights, in light of the fact that petitioner has no federal constitutional right to appeal.  Moreover, the U.S. Supreme Court has cited with approval the proposition that "[o]rdinarily, a sentence within statutory limits is beyond appellate review." *Zant v. Stevens*, 462 U.S. 862, 901 (1983). Therefore, Michigan's "codification of this rule" through the adoption of Michigan's codification of MICH. COMP. LAWS § 769.34(10) is not contrary to clearly established federal law, so as to entitle petitioner to habeas relief. *See Holman v. Renico*, No. 2006 WL 3105839, *9 (E.D. Mich. October 31, 2006).  Petitioner is not entitled to habeas relief on her third claim.

C.  Claim # 4: Ineffective assistance of counsel

Petitioner finally contends that she was deprived of the effective assistance of counsel.

To prevail on her ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002).  *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner's primary claim is that her counsel was ineffective for failing to allocute on her behalf at sentencing.

In light of the fact that there was a sentence agreement of four to fifteen years in this case, petitioner has failed to show how she was prejudiced by counsel's failure to allocute on her behalf at sentencing. *See, e.g.*, *United States v. Forsythe,* 985 F. Supp. 1047, 1054 (D. Kan. 1997) (defendant failed to demonstrate prejudice from counsel's advice against exercising his right to allocution at the sentencing hearing, as required to establish ineffective assistance of counsel, where the court was unaware of any argument which defendant would have made during allocution which would have altered defendant's sentence).

Petitioner also appears to argue that counsel was ineffective for failing to challenge the factual basis of her guilty plea.  Because petitioner's recitations at her guilty plea hearing clearly made out the elements of unarmed robbery, counsel had no basis to object

13

to petitioner's factual basis.  Counsel's failure to make a groundless objection is not ineffective assistance of counsel. *Strickland*, 466 U.S. at 687; *see also Tineo v. United States*, 977 F. Supp. 245, 259 (S.D. N.Y. 1996).

Petitioner finally appears to contend that defense counsel was ineffective for failing to investigate the illusory nature of her guilty plea.  An attorney's failure to challenge an illusory plea bargain is ineffective assistance of counsel. *See Mcadoo*, 365 F.3d at 497-99; *Spearman,* 860 F. Supp. at 1244.  Because petitioner's guilty plea was not illusory, counsel was not ineffective for failing to object to the guilty plea.  Petitioner is not entitled to habeas relief on her fourth claim.

D.  Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if petitioner is entitled to a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In applying the above standard, a district court may not conduct a full merits review,

14

but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 327.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a certificate of appealability. 28 U.S.C. § 2253(c) ;*Slack*, 529 U.S. at 483-84. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. 28 U.S.C. § 1915(a); *See Coppedge v. United States*, 369 U.S. 438, 445-46.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus [docket entry 1] is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that petitioner will be denied leave to appeal *in forma pauperis.*

SO ORDERED.

15

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  April 20, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 20, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager